UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Fort Myers Division

**CASE NO.:**

**SIROUS RAZIPOUR,**

    Plaintiff,

v.

**MOLLY'S MARINE SERVICE, LLC,**
a Florida Limited Liability Company
**JOULE YACHT TRANSPORT, INC.,**
a Foreign Profit Corporation,

    Defendants.

---

**NOTICE OF REMOVAL**

---

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA.

    1.    The Petition of **JOULE YACHT TRANSPORT, INC.** respectfully shows, upon information and belief, that it is a named Defendant in the above entitled action which is now pending in the Circuit Court of the Sixth Judicial Circuit of Florida, In and for the County of Pinellas.

    2.    That on or about the 28th day of February, 2020, this action was served on Petitioner in the aforesaid Court by service of a Summons and Complaint, a copy of which is annexed hereto.

    3.    No further proceedings have been had in said action, and the time of Petitioner within which to file a Notice of Removal has not expired. The controversy herein

as appears from the face of the Complaint is, in substance:

An action to recover for alleged loss, damage, delay or injury to cargo transported in interstate commerce by a motor carrier, wherein damages claimed exceed $10,000.00.

4. Petitioner, **JOULE YACHT TRANSPORT, INC.**, was at all times material hereto a household goods motor carrier engaged in transportation subject to the jurisdiction of the Surface Transportation Board of the U.S. Department of Transportation and governed by the requirements of the provisions of an Act entitled:

> "The ICC Termination Act of 1995" approved December 29, 1995 and the various acts amendatory thereof and supplemental thereto, commonly known as the Interstate Commerce Act, being Title 49, United States Code, §13101, et seq.

5. As recited in the Complaint, this matter concerns a civil action for breach of a contract, negligence, and violations of the Carmack Amendment arising out of the interstate transportation of Plaintiff's cargo from Naples, Florida to Newport Beach, California, with jurisdiction based upon "49 USC §14706." Complaint, paragraphs 5, 7-9, 13, 41-42, 53, 59-62.

6. The Complaint alleges **JOULE YACHT TRANSPORT, INC.**'s breach of an interstate shipping agreement, which claim is exclusively governed by the Carmack Amendment to the Interstate Commerce Act, Title 49, United States Code, §14706. **JOULE YACHT TRANSPORT, INC.**'s liability, if any, is governed exclusively by the Carmack Amendment. Smith v. United Parcel Service, et al., 296 F.3d 1244 (11th Cir. 2002) ( "... the Carmack Amendment preempts state law claims arising from failures in the transportation and delivery of goods. (citations omitted).").

7. Plaintiff is seeking damages in excess of $10,000.00 (Complaint, each prayer for relief), which meets the jurisdictional threshold set forth in 28 U.S.C. §1337(a), and this entire action is therefore removable to this Court pursuant to the provisions of 28 U.S.C. §§ 1331, 1337(a), 1441(a), 1441(b), and 1445(b).

8. Accordingly, based on the allegations contained in the Complaint, the above entitled action is a suit of a civil nature of which this Court has original jurisdiction under the provisions of Title 28, United States Code, §1337 and Title 49, United States Code, §13501, et seq., and is one which may be removed to this Court by Petitioner, the Defendant therein, pursuant to the provisions of Title 28, United States Code, §§1441 and 1445, in that it is a civil action pending in the Circuit Court of the Sixth Judicial Circuit of Florida, In and for the County of Pinellas, against a motor carrier to recover damages for alleged loss, damage, delay or injury to a shipment transported in interstate commerce, arising under the Carmack Amendment to the Interstate Commerce Act, Title 49, United States Code, §14706.  **JOULE YACHT TRANSPORT, INC.'s** liability, if any, is governed exclusively by the Carmack Amendment.

9. **JOULE YACHT TRANSPORT, INC.** is sued herein under the laws of the United States, specifically the Interstate Commerce Act and Code of Federal Regulations, and federal law exclusively governs Plaintiff's claims and alleged damages.

10. Title 28 U.S.C. § 1441(b) provides, in relevant part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or rights arising under the . . . laws of the United States shall be removable without regard to the citizenship or residence of the parties. . . .

11. To determine whether an action "arises under" federal law for the purpose

of federal question removal, the Court must look to the Complaint. <u>American Synthetic Rubber Corp. v. Louisville & Nashville R.R. Co.</u>, 422 F.2d 462, 463-468 (8th Cir. 1970).

12. The United States Supreme Court held in <u>Thurston Motor Lines, Inc. v. Rand, Ltd.</u>, 460 U.S. 533, 535 (1983):

> As to interstate shipments . . . the parties are held to the responsibilities imposed by the federal law, to the exclusion of all other rules of obligations.

13. In <u>Hughes Transportation v. United States</u>, 121 F. Supp. 212, 228 (Ct. Cl. 1954), the Court of Claims held:

> Transportation contracts, like contracts for services in most of the other state or federally regulated industries, such as communications and power and light, etc., are fundamentally different from the ordinary contract in that the respective duties of the contracting parties are carefully defined by statute, and their rights--indeed, their very freedom to contract in certain respects--are strictly limited by those statutes regardless of the parties' knowledge of those restrictions or of their manifest desire to contract otherwise.

14. The United States Supreme Court has consistently held that interstate shipping contracts are creatures of federal law and governed thereunder:

> The Bill of Lading is the basic transportation contract between the shipper and the carrier; its terms and conditions bind the shipper and all . . . carriers. <u>Texas and Pacific R Co. v. Leatherwood</u>, 250 U.S. 478, 481 (1991). Each [term] has in effect the force of statute, of which all affected must take notice.

<u>Southern Pacific Transportation Co. v. Commercial Metals</u>, 456 U.S. 336, 342-343 (1982).

15. The principle that an interstate Bill of Lading must be construed under federal law was reiterated in <u>Allis-Chalmers Corp. v. Lueck</u>, 471 U.S. 202, 214 (1985):

> While the nature of the state tort is a matter of state law, the question whether the Wisconsin tort is sufficiently independent

of federal contract interpretation to avoid preemption is, of course, a question of federal law.

16. Based on the relevant facts and applicable law, this action arises under the laws of the United States within the meaning of 28 U.S.C. §§ 1331 and 1337. <u>Garrett v. Time - D.C.</u>, 502 F.2d 62 (9th Cir. 1974):

> As the shipment was interstate, the bill of lading was issued pursuant to the Federal Act, the question whether the contract thus set forth had been discharged was necessarily a Federal question. The construction of the clauses of the bill of lading, adopted by the Commission and prescribed by Congress for interstate . . . shipments presents a federal question ... Such has been the consistent ruling of this Court . . . Since the clauses of the Uniform Bill of Lading govern the rights of the parties to an interstate shipment and are prescribed by Congress and the Commission in exercise of commerce power, they have the force of federal law and questions as to their meaning arise under the laws and Constitution of the United States.

17. Purusant to 28 USC §1337(a) this Court has supplemental jurisdiction over all other claims in this action against each defendant, because such claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

18. This Notice of Removal is filed within thirty (30) days of **JOULE YACHT TRANSPORT, INC.'s** receipt of the Complaint by service or otherwise, and is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

19. Petitioner has conferred with co-Defendant MOLLY'S MARINE SERVICE, LLC pursuant to 28 U.S.C. § 1446(b)(2)(A), and is authorized to represent MOLLY'S MARINE SERVICE, LLC consents to the removal of this action.

20. Petitioner desires to remove this action to the United States District Court for

the Middle District of Florida.

21. After the filing of this Petition for the removal of this action to the United States District Court for the Middle District of Florida, written notice of the filing of this Petition will be given by the attorneys for the Petitioner to the attorneys for the Plaintiff, as provided by law, and copies of this Petition will be filed with the Clerk of the Circuit Court of the Sixty Judicial Circuit of Florida, In and for the County of Pinellas.

22. Petitioner has good and sufficient defense to this action.

23. No previous application for the relief sought herein has been made to this or any other Court.

WHEREFORE, Petitioner prays that this Court grant the removal of this cause to the District Court of the United States for the Middle District of Florida, in which district this suit is pending.

Respectfully submitted,

**Lawrence J. Roberts & Associates, P.A.**
Attorneys for Defendant
**JOULE YACHT TRANSPORT, INC.**
249 Catalonia Avenue
Coral Gables, Florida 33134
Phone: 305-441-7882
Fax: 305-441-7883
Email:dsmith@lrobertsandassociates.com  and
lroberts@lrobertsandassociates.com


By:      */s/ DAVID  W.  SMITH*
    DAVID W. SMITH, ESQUIRE
    Florida Bar No.: 89870
    LAWRENCE J. ROBERTS, ESQUIRE
    Florida Bar No.: 343218

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 27, 2020, I electronically filed the foregoing document with the Clerk of the Court using Florida Courts E-Filing Portal.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Service of Court Documents generated by Florida Courts E-Filing Portal.

Respectfully submitted,

**Lawrence J. Roberts & Associates, P.A.**
Attorneys for Defendant
**JOULE YACHT TRANSPORT, INC.**
249 Catalonia Avenue
Coral Gables, Florida 33134
Phone: 305-441-7882
Fax: 305-441-7883
Email:dsmith@lrobertsandassociates.com  and lroberts@lrobertsandassociates.com


By:     */s/ DAVID W. SMITH*
       DAVID W. SMITH, ESQUIRE
       Florida Bar No.: 89870
       LAWRENCE J. ROBERTS, ESQUIRE
       Florida Bar No.: 343218


## SERVICE LIST

**Notice will be electronically mailed to:**

Frank D. Butler, Esquire
Email:  fdblawfinn@aol.com
Kelly Ann L. May, Esquire
Email:  kmay@fightingforfamalies.com
Service email: courtdocserve@fdblawfirm.com
Secondary email: jseigler@fightingforfarnilies.com
FRANK D. BUTLER, P.A.
10550 U.S. Highway 19 North
Pinellas Park, FL 33782
Tel.: (727) 399-2222
Fax: (727) 399-2202
*Attorneys for Plaintiff*

David J. Horr, Esquire
Email: Dhorr@admiral-law.com
Juan Carlos Perez, Esq.
Email: jperez@admiral-law.com
Justin M. Henning, Esq.
Email: jhenning@admiral-law.com
Horr, Novak & Skipp P.A.
Two Datran Center Suite 1700
9130 South Dadeland Blvd.,
Miami, FL 33156
Tel: (305) 670-2525
Fax: (305) 670-2526